## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JAMES L. PADGETT,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 5:24-CV-00101-CAR-CHW** |
| | : | |
| **v.** | : | |
| | : | |
| **Commissioner TYRONE OLIVER,** | : | |
| *et al.,* | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U. S. Magistrate Judge** |
| **Defendants.** | : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff James L. Padgett, an inmate at the Central State Prison in Macon, Georgia filed a 42 U.S.C. § 1983 complaint. ECF No. 1. He has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 3. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**. This complaint is ripe for preliminary review. Upon review, Plaintiff may proceed with his Eighth Amendment claim against Defendants Graham, Chambers, McCall, and McKenzie. It is **RECOMMENDED** that Plaintiff's claims against Oliver, Department Risk Management/ Administrative Services, unknown Lt., and Brown be **DISMISSED** without prejudice.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 3. As it appears Plaintiff is unable to

pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed.   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution

until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2).   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct

3

a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

Plaintiff's claims arise from his incarceration at Central State Prison in June 2023. ECF No. 1. Plaintiff names Commissioner Tyrone Oliver, Warden G. Sampson, Department Risk Management/ Administrative Services, Deputy Warden Brown, Deputy Warden Graham, Deputy Warden Chambers, Unit Manager McCall, Unit Manager McKenzie and Unknown Lt. as Defendants.[1] *Id.* at 1, 4, and 8-9. Plaintiff alleges that on

---

[1] Plaintiff lists Defendants in three different places in his complaint and sometimes refers to them by different names. ECF No. 1 at 1, 4, and 8-9. In particular, he at first generally

June 12, 2023, he was in an "altercation" with another inmate that led to his "left cheek under [his] eye busted open and bleeding from the fight". *Id*. Plaintiff states that Warden Brown stopped him at lunch to ask what happened and that "Plaintiff did not explain who assaulted [him] because it would have accomplished nothing". *Id*. at 9. Plaintiff alleges that the next day, Defendant Brown came to his dorm and "stated the next time someone puts their hands on someone they would be shipped". *Id*. at 10. Later that same day, Plaintiff told Defendant McCall he "was having an issue again" and requested to be moved out of the dorm. *Id*. Plaintiff complains that Defendant McCall ordered him back to the same dorm where Plaintiff got into another "altercation which [he] tried to prevent". *Id*. Plaintiff then informed Defendant Chambers that he "was not getting along with certain inmates and [he] had already gotten into two altercations". *Id*. at 11. Plaintiff says he again requested to be moved and Defendant Chambers replied that Plaintiff would have to make his request with the Lt. on duty. *Id*. Plaintiff's request with the Lt. to be moved was denied. *Id*. Plaintiff claims he then alerted Defendant Graham that he overheard individuals saying that "someone was planning to fight [him] again". *Id*. Defendant Graham rejected Plaintiff's request for a dorm transfer and threatened to have cert team

---

states that one of his defendants is simply the Warden of Central State Prison but then specifies that this Defendant is "previous Warden G. Sampson of Central State Prison. Id. at 1, 4, and 8. Therefore, the Court is referring to this Defendant as Warden G. Sampson and not by the generic title Warden of Central State Prison. Similarly, he names a Defendant in his complaint as "Dept. Risk Management," "Director Administrative Services," and "Administrative Services Risk Management Division." *Id*. at 1, 4, and 9. This Recommendation refers to this Defendant as Department Risk Management/ Administrative Services.

officers force him into the dorm if he continued to refuse to return there.  *Id*.  Plaintiff

adds that Defendant McKenzie also refused to move Plaintiff out of the dorm after being

informed that he was in an altercation and "it would happen again".  *Id*. at 12.  On June

15, 2024, Plaintiff's ankle was broken during an assault by another inmate.  *Id*.  Plaintiff

alleges an "Eighth Amendment violation of deliberate indifference to his health and safety

and failure to protect in failing to follow state law and all state Dept. of Corrections S.O.P.

departmental operations responsibility…".  *Id*. at 14.  Plaintiff also raises several claims

under the State of Georgia Constitution as well as the "Georgia Tort Claims Act" and other

Georgia state statutes.  *Id*. at 14-15.  Plaintiff requests damages.  *Id*. at 15.

III.    Plaintiff's Claims and Analysis

A.    Claims against Defendants Tyrone Oliver, Warden G. Sampson, Department
        of Risk Management/ Administrative Services, and Unknown Lt.

It is unclear why Plaintiff has named Commissioner Tyrone Oliver, Warden G.

Sampson, or Department Risk Management/ Administrative Services as Defendants in

this civil action.  Plaintiff makes no factual allegations regarding these Defendants

anywhere in his complaint, other than listing them as Defendants.  *See* ECF No. 1.  A

district court properly dismisses a complaint when the plaintiff, other than naming the

defendant in the caption of the complaint, fails to state any allegations that connect the

defendant with an alleged constitutional violation.  *Douglas v. Yates*, 535 F.3d 1316,

1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st

Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand

that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert any claim based on any possible supervisory role of any of these Defendants, his complaint still fails to state a claim.   It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position.  *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)).   Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an inference that any of these named Defendants had any direct or indirect involvement in the events about which Plaintiff complains.  *See*

*Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

As to Defendant Unknown Lt., as a general rule, "fictitious party pleading is not permitted in federal court". *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted). Here, Plaintiff does not provide any description whatsoever of this "unknown Lt." other than to say he or she is employed at Central State Prison. ECF No. 1 at 8 and 11. Thus, to the extent Plaintiff seeks to bring claims against an unidentified corrections officer listed as "unknown Lt." in his complaint, Plaintiff has not provided enough detail to state a claim upon which relief may be granted. *See Richardson*, 598 F.3d at 738 (dismissal of claim appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison]").

For all the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims

9

as to Commissioner Tyrone Oliver, Warden G. Sampson, Department Risk Management/ Administrative Services, and unknown Lt. be **DISMISSED** without prejudice

    B.    Deliberate indifference to safety claim

Plaintiff raises an Eighth Amendment claim for deliberate indifference to safety. "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir.2003) (internal quotation marks omitted). To establish a § 1983 claim for deliberate indifference, a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019).

*Substantial risk of serious harm*

In the prison setting, a risk of harm to some degree always exists by the nature of it being a prison. *Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga,* 400 F.3d 1313, 1323 (11th Cir. 2005). Successful failure to protect claims will generally require some further reason—beyond a plaintiff feeling threatened by his incarceration with other offenders convicted of violent and/or gang-related offenses—that a prison official could have concluded that a particular threat evidenced a substantial threat, rather than the mere

possibility of serious harm. *See Marbury*, 936 F.3d at 1236; *see also Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." (internal citations and quotations omitted)). Moreover, the risk must be specific and imminent; "a generalized awareness of risk in these circumstances does not satisfy the subjective awareness requirement." *Carter*, 352 F.3d at 1350.

An inmate can meet the burden of showing a substantial risk of serious harm by pleading facts showing "that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm" or by providing prison officials with details about a specific threat sufficient "to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Marbury*, 936 F.3d at 1235-6 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)).

Plaintiff has alleged that he was assaulted by another inmate on June 12, 2023 and June 13, 2023. ECF No. 1 at 9-10. Plaintiff claims that he was not "getting along with certain inmates" and learned from other inmates that he would again be assaulted if he returned to his dorm. *Id.* at 11. On June 15, 2023, Plaintiff was assaulted by another inmate in his dorm and his ankle was broken. *Id.* at 12-13. These allegations are sufficient to indicate that Plaintiff was at risk for substantial harm.

*Deliberate indifference*

The subjective component of Plaintiff's Eighth Amendment claim generally

"inquires whether the officials acted with a sufficiently culpable state of mind."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).   A defendant must be found to have acted with deliberate indifference to an inmate's safety.  *Carter*, 352 F.3d at 1349.   In defining "deliberate indifference," the Supreme Court stated:

> With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness. *See e.g.*, *LaMarca v. Turner*, 995 F.2d 1526, 1535 (CA11 1993).... It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.

*Brennan*, 511 U.S. at 836.

Thus, the Court concluded that the "subjective recklessness" standard of criminal law is the test for "deliberate indifference" under the Eighth Amendment.  *Id.* at 839-40. Under this test, there is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not ...."  *Id.* at 838.   "[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983."  *Hughes*, 894 F.2d at 1537.   To be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*."  *Brennan*, 511 U.S. at 837 (emphasis added).   Stated another way, a plaintiff can establish deliberate indifference if he demonstrates that a prison official objectively "responded to [a] known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Marbury*, 936 F.3d at 1235-36 (internal quotation marks omitted).   It is not enough that an

inmate proves that the defendant should have known of the risk, but did not, as actual knowledge is the key.  *See Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996).   As the Eleventh Circuit just clarified, to demonstrate deliberate indifference, "the plaintiff must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,' and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff". *Wade v. McDade*, No. 21-14275, 2024 WL 3354963, at *7 (11th Cir. July 10, 2024) *citing Brennan*, 511 U.S. at 839.

Plaintiff claims that he personally made Unit Manager McCall, Deputy Warden Chambers, Deputy Warden Graham, and Unit Manager McKenzie aware that he had been assaulted by inmates in his dorm, that he was under a threat of another assault at the hands of an inmate in his dorm, and that he requested to be moved out of his dorm for his own safety.  ECF No. 1 at 9-12.  Plaintiff was not moved out of the dorm, and on June 15, 2023, Plaintiff was assaulted by an inmate in his dorm and his ankle was broken.  *Id*. at 12-13.  Such allegations that Defendants McCall, Chambers, Graham, or McKenzie were all made personally aware that Plaintiff had previously been assaulted and that he continued to be under threat of an additional assault – an assault that actually occurred – conceivably demonstrate that these Defendants were deliberately indifferent to Plaintiff's safety.

Because, at this stage in the litigation, Plaintiff has put forth allegations that initially satisfy both elements of a deliberate indifference to safety claim as to Defendants McCall, Chambers, Graham, or McKenzie, Plaintiff's Eighth Amendment claim against these

Defendants shall proceed for further factual development.

In contrast, nowhere in his complaint does Plaintiff allege that he explicitly alerted Defendant Brown that he had been assaulted on June 12 and June 13 or that he was at risk of another assault prior to the June 15, 2023 attack that broke his ankle. *See* id. at 9-12. Instead, Plaintiff avers that he purposely did not report to Defendant Brown that he was assaulted and concealed the assailants when asked by Defendant Brown about how his eye was injured. *Id*. at 9. For these reasons, Plaintiff has failed to show that Defendant Brown "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff" to show that Defendant Brown "acted with 'subjective recklessness as used in the criminal law' that is necessary to demonstrate deliberate indifference to an inmate's safety. *Wade*, No. 21-14275, 2024 WL 3354963, at *7 (*citing Brennan*, 511 U.S. at 839); *see also Hudson*, 503 U.S. at 8 (finding that a plaintiff must show that a defendant "acted with a sufficiently culpable state of mind") ; *Brennan*, 511 U.S. at 838 (finding that there is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not ...."). Accordingly, it is **RECOMMENDED** that Plaintiff's Eight Amendment claim of deliberate indifference to safety against Defendant Deputy Warden Brown be **DISMISSED** without prejudice for failure to state a viable claim.

C.    Claim for failure to investigate or discipline other inmates

Plaintiff further appears to complain that his negative interactions with other inmates were not properly investigated and that his assailants were not charged or

otherwise properly punished for their actions.   ECF No. 1 at 9, 10, and 14.   However, to any extent that Plaintiff may be attempting to allege a constitutional violation with these allegations, he has failed to do so.   First, Plaintiff frames his allegations vaguely and indeterminately with "the defendants" and "the administration".   *Id.*   Conclusory references to "administration", "employees", "staff", "officers", and/or all persons within a category in general fails to put any certain individual on notice of an alleged wrongdoing. *See Richardson*, 598 F.3d at 738; *Douglas*, 535 F.3d at 1322.   Thus, collective liability, *i.e.*, when claims are brought against defendants such as "administration" or "staff" or "employees", is not permitted under § 1983 and a plaintiff must link a claim to a specific state actor who committed the civil rights violation.   *See id.*; *Hale*, 50 F.3d at 1582; *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law); *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

Secondly, even if Plaintiff had linked his allegations to a particular Defendant, a plaintiff cannot support a § 1983 claim by alleging that a prison official failed to investigate wrongdoings of inmates or otherwise take disciplinary action against another inmate. Prisoners do not enjoy a constitutional right to an investigation of any kind by government officials.   *See generally DeShaney v. Winnebago County Dept. of Social Services,* 489

U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law enforcement); *Vinyard v. Wilson,* 311 F.3d 1340, 1356 (11th Cir. 2002) (finding there is no constitutional right to an investigation of an excessive force claim); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (affirming dismissal claims against sheriff who failed to press criminal charges against plaintiff's assailant because "[e]ven if [the sheriff] were the person with authority to decide whether or not to pursue criminal charges ... "[t]he decision to file or not file criminal charges falls within [the] category of acts that will not give rise to section 1983 liability"); *Mallory v. Hetzel*, 2016 WL 5030469, at *14 (M.D. Ala. 2016) (failing to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation because inmates do not enjoy a constitutional right to an investigation of any kind by government officials). Similarly, Plaintiff has no judicially cognizable interest in the prosecution or discipline of another inmate. *Woody v. Cronic***,** 401 F. App'x 509, 512 (11th Cir.2010) (citing *Leeke v. Timmerman***,** 454 U.S. 83, 85–86 (1982)); *Otero v. U.S. Attorney Gen.,* 832 F.2d 141, 141 (11th Cir. 1987) (finding that a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another).

Accordingly, Plaintiff's allegations surrounding a failure to investigate or discipline his assailants by any Defendant, even when viewed in the light most favorable to Plaintiff,

do not describe any constitutional violation.   Therefore, it is **RECOMMENDED** that Plaintiff's claim as to a failure to investigate or discipline his inmate assailants be **DISMISSED without prejudice**.

    D.   <u>State Law Claims</u>

Plaintiff has further raised claims under several state statutes and various provisions of the Georgia Constitution.   ECF No. 1 at 7-8 and 14-15.   This Court does not have original jurisdiction over state law claims.   *See* 28 U.S.C. § 1367.   Generally, such state law claims are more appropriately brought in the state courts and not the federal courts and state law claims are routinely subject to dismissal for lack of this Court's jurisdiction.   *See id*.   This Court's only jurisdiction over state law claims is through exercising supplemental jurisdiction should there be a related federal claim.   *Id*.   Any scrutiny by this Court of Plaintiff's state law claims is intertwined with any potential federal claim raised by this Plaintiff.   Liberally construing Plaintiff's complaint, as explained above, Plaintiff will be allowed to proceed on an Eight Amendment deliberate indifference to safety claim against some of his named Defendants.   Although these claims survive initial screening, it is possible that they may fail if faced with a motion to dismiss or motion for summary judgment.   In the event that the federal claims over which this Court has original jurisdiction are dismissed, the Court will likely decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Edwards v. Okaloosa Cnty.*, 5 F.3d 1431, 1433 (11th Cir. 1993) (stating that when all federal claims are eliminated before trial,

the *Gibbs* factors will ordinarily point toward dismissing the state claims as well.");

*Williams v. Bennett*, 689 F.2d 1370, 1379-80 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert jurisdiction over state law claims and recognizing deference to the state courts to resolve state law claims). Because federal jurisdiction over Plaintiff's state law claims remains an unsettled issue, it is unnecessary and inappropriate to conduct a review of Plaintiff's state law claims at this early stage of the case. They may proceed for further development as to the Defendants who remain in the case.

### IV.    Conclusion

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED** and Plaintiff may proceed with his Eighth Amendment deliberate indifference to safety claim against Defendants Graham, Chambers, McCall, and McKenzie for further factual development.    It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Oliver, Department Risk Management/ Administrative Services, unknown Lt., and Brown be **DISMISSED without prejudice** for failure to state a claim.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Court Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.    The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendants Deputy Warden Graham, Deputy Warden Chambers, Unit Manager McCall, and Unit Manager McKenzie of Central State Prison, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Defendants are similarly advised that they are

expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil

Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests**

**for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.    No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 26th day of July, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge