IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES L. PADGETT, JR.** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:24-cv-00101-CAR-CHW |
| | : | |
| v. | : | |
| | : | |
| **Commissioner TYRONE OLIVER,** | : | |
| *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER

Pending before the Court are several motions filed by p*ro se* Plaintiff James Padgett. This case stems from June 2023 inmate attacks during Plaintiff's incarceration at Central State Prison. Plaintiff's original complaint was screened and his Eighth Amendment failure-to-protect claims against Defendants Graham, Chambers, McCall, and McKenzie were allowed to proceed for factual development. (Docs. 4, 21). All Defendants have filed a pre-answer motion to dismiss alleging that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. 16).

In addition to his responses to Defendants' motion to dismiss (Docs. 26, 30), Plaintiff has now filed another amended complaint or motion for leave to amend or supplement the complaint (Docs. 32, 34, 42), a motion for an order to show cause (Doc. 33), and a motion for reconsideration. (Doc. 44). For the reasons explained below, Plaintiff's motion to amend (Doc. 32) is **GRANTED in part and DENIED in part**, his motions for leave to amend or supplement (Docs. 34, 42) is **DENIED**, his motion for a

show cause order (Doc. 33) is **DENIED as premature**, and his motion for reconsideration (Doc. 44) is **DENIED as moot**.

*Motions to Amend or for Leave to Amend or Supplement (Docs. 32, 34, 42)*

Plaintiff has filed several motions related to amending or supplementing his complaint. In response to the court's notice (Doc. 22) about Defendants' motion to dismiss (Doc. 16), it appears that Plaintiff seeks to supplement his complaint to explain his attempts to exhaust his administrative remedies. *See generally* (Doc. 32). Plaintiff's motion to amend (Doc. 32) is **GRANTED in part,** to the extent that Plaintiff seeks to amend the portion of his complaint that addresses his exhaustion efforts.

However, embedded in his motion to amend (Doc. 32) and motions for leave to amend (Doc. 34, 42) are claims that are not properly joined in this action. For example, Plaintiff again attempts to add retaliation claims, claims involving subsequent attacks, and other matters, such as losing his kitchen detail, that are not connected to the June 2023 attack concerned in this case. (Doc. 32, p. 7-8; Doc. 34; Doc. 42-1). The Court denied Plaintiff's previous attempt to supplement his complaint, including his attempt to add claims of retaliation for filing this suit. *See* (Docs. 15, 35). Plaintiff's current proposed retaliation claims do not alter that result. As for Plaintiff's request to add claims stemming from incidents occurring after he filed suit, adding those claims to this case would be an improper joinder of claims under Rule 20(a)(2), because the proposed amended claims do not arise out of the same transaction or occurrence as the claim in his original complaint. Therefore, Plaintiff's motion to amend (Doc. 32) is **DENIED in part** and his motions for

leave to amend or supplement (Doc. 34, 42) are **DENIED**.

*Motion for Order to Show Cause (Doc. 33)*

Plaintiff has filed a motion for an "order to show cause for a preliminary injunction and a temporary restraining order" to prevent the spoliation of camera footage at Central State Prison. (Doc. 33). The motion, which is construed as a motion to compel, is premature. Plaintiff has not explained whether he has sought the production of the camera footage from Defendants in discovery or whether he has conferred in good faith with Defendants about the production of the camera footage as required. Because it is unclear whether Plaintiff has endeavored to seek this information in discovery, Plaintiff's motion for an order to show cause (Doc. 33) is **DENIED as premature**.

*Motion for Reconsideration (Doc. 44)*

Through a clerical error, Plaintiff's case was dismissed and closed upon the entry of the Court's Order (Doc. 35) adopting the Recommendation to deny Plaintiff's first motion to amend. (Doc. 15). Plaintiff challenges the dismissal of his case without notice or adequate explanation. (Doc. 42). Plaintiff's case has since been reopened (Doc. 36), Defendant's motion to dismiss is still pending, and the Court has considered Plaintiff's supplemented complaint as discussed above. Therefore, Plaintiff's motion for reconsideration (Doc. 42) is **DENIED as moot**.

**SO ORDERED**, this 25th day of February, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge

3