IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES L. PADGETT, JR.** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:24-cv-00101-CAR-CHW |
| | : | |
| v. | : | |
| | : | |
| Commissioner **TYRONE OLIVER**, | : | |
| *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

**ORDER**

Pending before the Court is Defendants Graham, Chambers, McCall, and McKenzie's pre-answer motion to dismiss alleging that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. 16). Plaintiff has responded to both the motion (Doc. 16) and Defendants' amended declaration in support of their motion (Doc, 24), arguing that he attempted to exhaust this claim, in part by giving a written grievance to Ms. Bolston, a non-party prison staff member, because he could not submit a grievance through the kiosk. (Docs. 26, 30).

Plaintiff suggests that there should be original documents that support his attempts to exhaust, including written grievances and forms showing when or if Plaintiff dropped grievances. (Doc. 30). While Defendants argue that the J-Pay system records conclusively show Plaintiff's failure to exhaust, the original and amended declarations and reply brief submitted by Defendants are silent about whether the grievance coordinator searched for paper files that might contain grievance records when an inmate does not or cannot use the kiosk to submit grievances as alleged by Plaintiff. (Docs. 16, 24, 31). The records also do not include any documentary evidence attached or related to Plaintiff's grievances at Central State Prison other than the electronic summaries of

the grievances themselves. (*Id.*)

So that the Court can determine if an evidentiary hearing is warranted on Defendants' motion to dismiss, Defendants are **DIRECTED** to supplement the record with the following documents:

1. Certification of whether the grievance coordinator searched the prison's paper records for any paper grievances or drop forms, including any forms that may not appear in the J-Pay system, and the results of that search;

2. Any paper forms or other documentation relating to Grievance Nos 897682 and 898970, especially any forms that reflect Plaintiff's decision to drop these grievances. For example, the electronic summaries of these grievances reflect attached PDF documents on May 15, 2023 and May 16, 2023, respectively. (Doc. 24-1, p. 66, 68); and

3. A statement as to whether Ms. Bolston accepted any written grievances or drop-forms from Plaintiff in June or July 2023 that would relate to the cause of action in this case. *See, e.g.*, (Doc. 30, p. 3) ("I had to submit a written grievance to Ms. Bolston asking her to process this and sign a drop form.")

Defendants shall supplement the record as directed by March 19, 2025. Plaintiff's response to the supplemented records, if any, is due April 18, 2025.

**SO ORDERED**, this 25th day of February, 2025.

                                                 s/ Charles H. Weigle
                                                 Charles H. Weigle
                                                 United States Magistrate Judge